■ LARISA TEPLITSKAYA, Appellant, v 3096 OWNERS CORP., Respondent. [735 NYS2d 585] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated January 31, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Abram Teplitskiy, commenced this action against the defendant, his landlord, to recover damages for personal injuries sustained when he allegedly slipped and fell in an apartment which he shared with the plaintiff, his daughter. Teplitskiy died before any testimony was taken from him concerning the accident. The plaintiff testified at her deposition that on the date of the accident, after hearing Teplitskiy scream, she found him lying on the floor near his bed bleeding from his head. Paint chips, which had been falling from the ceiling, covered the floor. It is undisputed that neither the plaintiff, nor anyone else, witnessed the accident.

The defendant moved for summary judgment claiming that the plaintiff's theory that the accident was caused by the presence of paint chips on the floor was pure speculation. The Supreme Court granted the defendant's motion. We affirm.

Initially, we note that although the defendant first claimed in a reply affirmation that the accident was not proximately caused by the presence of paint chips on the floor, review of this claim on the merits is proper since the plaintiff availed herself of a fair opportunity to oppose in a surreply affirmation (*see, Basile v Grand Union Co.,* 196 AD2d 836, 837). The defendant met its burden of establishing its prima facie entitlement

to summary judgment by demonstrating that any determination as to how the accident occurred would be based upon speculation. The evidence submitted by the plaintiff in opposition was insufficient to raise a triable issue of fact as to whether the presence of paint chips on the floor was the proximate cause of Teplitskiy's fall. Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation (*see, Bernstein v City of New York,* 69 NY2d 1020, 1021; *Thomas v New York City Tr. Auth.,* 194 AD2d 663, 664). Under these circumstances, where there are several equally plausible explanations for the accident, and no competent admissible proof, only speculation, as to the cause of the accident, the defendant's motion for summary judgment was properly granted (*see, Bernstein v City of New York, supra,* at 1021; *Johnson v Sniffen,* 265 AD2d 304). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.