■ MICHAEL LUDIN et al., Appellants, v CRESTWOOD COUNTRY DAY SCHOOL, INC., Respondent. [828 NYS2d 577]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 10, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

On February 27, 2004 the injured plaintiff, an electrician, came to the defendant's premises to inspect a proposed work site. To get to the proposed work site, the injured plaintiff had to walk across a grassy area which was not near a paved pathway. The defendant's director led the injured plaintiff through this area which was covered with snow. While traversing this area, the injured plaintiff fell and was injured. The injured plaintiff did not recall falling and he did not know what had caused him to fall. The director, who was walking ahead of the injured plaintiff, stated during his deposition that he did not see the injured plaintiff fall. The director alleged that he said something to the injured plaintiff, and when he did not respond, the director turned around and saw the injured plaintiff lying on the ground, with his face down.

The defendant established its entitlement to judgment as a matter of law through the deposition testimony of the injured plaintiff and the director that they were unable to identify the cause of the fall (*see Hennington v Ellington,* 22 AD3d 721

[2005]; *Arbusto v Amerada Hess Corp.*, 16 AD3d 527 [2005]; *Birman v Birman*, 8 AD3d 219 [2004]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]). In opposition to the motion the plaintiffs submitted an accident report which was drafted by the director, and shown to him during his deposition, in which he stated that the injured plaintiff slipped and fell on an icy patch. The submission of the accident report was sufficient to rebut the defendant's establishment of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Under the circumstances, triable issues of fact exist as to whether the injured plaintiff slipped and fell on an icy patch, whether the defendant had constructive notice of the alleged defect, and whether the defendant was negligent in failing to provide a safe path for the injured plaintiff. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.