■ DGANIT YEFET, Appellant, v KEREN SHALMONI et al., Respondents. [915 NYS2d 866]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated September 18, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the plaintiff's decedent to fall from the exterior staircase of the defendants' premises (*see Martone v Shields*, 71 AD3d 840 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Plowden v Stevens Partners, LLC*, 45 AD3d 659 [2007]; *Denicola v Costello*, 44 AD3d 990 [2007]; *Birman v Birman*, 8 AD3d 219 [2004]).

Contrary to the plaintiff's contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply to this case, since the defendants' knowledge as to the cause of the decedent's fall is no greater than that of the plaintiff (*see Walsh v Murphy*, 267 AD2d 172 [1999]). However, in opposition to the defendant's motion, the plaintiff submitted evidence, including her errata sheet and an expert's affidavit, which was sufficient to raise a triable issue of fact as to whether the absence of a segment of the handrail at the top of the

staircase was a proximate cause of the decedent's injuries (*see Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]; *Antonia v Srour*, 69 AD3d 666 [2010]; *Asaro v Montalvo*, 26 AD3d 306 [2006]; *Viscusi v Fenner*, 10 AD3d 361 [2004]). The conflict between the original transcript of the plaintiff's deposition testimony and the correction she submitted in the errata sheet raised an issue of credibility which could not be resolved on the motion for summary judgment (*see Nye v Putnam Nursing & Rehabilitation Ctr.*, 62 AD3d 767 [2009]; *Breco Envtl. Contrs., Inc. v Town of Smithtown*, 31 AD3d 359 [2006]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.