■ Irene Zalot, Appellant, v Jan Zieba et al., Defendants/Third-Party Plaintiffs-Respondents. Craftman Construction, Inc., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [917 NYS2d 285]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered July 27, 2009, as granted that branch of the defendants' motion, joined in by the third-party defendant Craftman Construction, Inc., which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants and the third-party defendant Craftman Construction, Inc., appearing separately and filing separate briefs.

The Supreme Court properly determined that the defendants established their prima facie entitlement to judgment as a matter of law by submitting deposition testimony demonstrating that the plaintiff failed to identify the cause of her decedent's accident (*see Hennington v Ellington*, 22 AD3d 721 [2005];

*Tejada v Jonas*, 17 AD3d 448 [2005]; *Schafrick v Shinnecock Bait & Tackle Co.*, 204 AD2d 706 [1994]). Contrary to the plaintiff's contention, although the deposition transcript of the third-party defendant Jaroslaw Palczwski was not signed, it was certified by the reporter, and was properly considered in support of the defendants' motion since the excerpts thereof included in the record are not challenged as inaccurate (*see Bennett v Berger*, 283 AD2d 374 [2001]; *Zabari v City of New York*, 242 AD2d 15, 17 [1998]). Absent any evidence as to how the accident occurred, the plaintiff's case rests upon mere speculation as to the defendants' negligence and the applicability of the Labor Law.

In opposition to the motion, the plaintiff failed to raise a triable issue of fact. The Supreme Court properly held that the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply because the plaintiff and the defendants are on equal footing as to their access to knowledge of the events which caused the decedent's injuries (*see Kuravskaya v Samjo Realty Corp.*, 281 AD2d 518 [2001]; *Gayle v City of New York*, 256 AD2d 541 [1998]). In any event, "[s]peculation, guess and surmise . . . may not be substituted for competent evidence, and where . . . there are several possible causes of [one] accident, one or more of which a defendant is not responsible for, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible" (*Agius v State of New York*, 50 AD3d 1049, 1050 [1975]; *see Johnson v Sniffen*, 265 AD2d 304 [1999]; *Scheer v City of New York*, 211 AD2d 778 [1995]). Here, "[s]ince it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (*Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]).

Accordingly, the Supreme Court correctly granted that branch of the defendants' motion, joined in by the third-party defendant Craftman Construction, Inc., which was for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.