MAYALINE NOEL et al., Respondents, v STARRETT CITY, INC., Appellant. [932 NYS2d 727]—

The plaintiff Mayaline Noel (hereinafter the injured plaintiff) fell from an interior staircase of a building owned by the defendant. Thereafter, the injured plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained as a result of the fall. By order dated October 7, 2010, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

The defendant established its prima facie entitlement to summary judgment dismissing the complaint by demonstrating that the injured plaintiff was unable to identify the cause of her fall (*see Scott v Rochdale Vil., Inc.*, 65 AD3d 621 [2009]; *Kletke v GOS Corp.*, 51 AD3d 875 [2008]; *Birman v Birman*, 8 AD3d 219 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Although the plaintiffs submitted an affidavit from an engineer who claimed that the staircase violated certain provisions of the Multiple Dwelling Law and the Administrative Code of the City of New York, the plaintiffs presented no evidence connecting these alleged violations to the injured plaintiff's fall. Therefore, "it would be speculative to assume that these alleged violations were a proximate cause of the accident" (*Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015, 1015 [2008]; *see Guiterrez v Iannacci*, 43 AD3d 868 [2007]; *Birman v Birman*, 8 AD3d at 220; *Grob v Kings Realty Assoc.*, 4 AD3d 394, 395 [2004]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Hall, Lott and Roman, JJ., concur.