KONSTANTO RIZOS, Respondent, v GALINI SEAFOOD RESTAURANT et al., Appellants. [933 NYS2d 703]—

The plaintiff, who was then 85 years of age, allegedly slipped and fell at the defendants' restaurant while walking down a staircase consisting of three steps. The defendants established their prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, in which she was unable to identify the cause of her accident without engaging in speculation (*see Dalinedesroches v Lazard*, 70 AD3d 626 [2010]; *Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617 [2010]; *Morgan v Windham Realty, LLC*, 68 AD3d 828, 829 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]). The defendants also established that they did not create a dangerous or defective condition, and did not have actual or constructive notice of the existence of any such condition for a sufficient length of time to discover and remedy it, as required in an action alleging premises liability (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Shindler v Warf*, 66 AD3d 762, 763 [2009]; *Crawford v AMF Bowling Ctrs., Inc.*, 18 AD3d 798, 799 [2005]; *Gloria v MGM Emerald Enters.*, 298 AD2d 355 [2002]).

The admissible evidence which the plaintiff submitted in opposition to the defendants' motion failed to raise a triable issue

of fact as to the cause of the accident (*see Dalinedesroches v Lazard*, 70 AD3d at 626; *Morgan v Windham Realty, LLC*, 68 AD3d at 829; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d at 478). The affidavit of a nonparty witness relating to the defendants' notice of the alleged dangerous condition could not be considered in determining the motion, as the witness was not properly disclosed as a notice witness (*see Muniz v New York City Hous. Auth.*, 38 AD3d 628 [2007]; *Williams v ATA Hous. Corp.*, 19 AD3d 406, 407 [2005]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Chambers and Cohen, JJ., concur.