██ VINCENT KNUDSEN, Appellant, v MAMARONECK POST No. 90, DEPARTMENT OF NEW YORK—American LEGION, INC., Respondent. [942 NYS2d 800]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered May 10, 2011, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the plaintiff's decedent to fall on an interior staircase at the defendant's premises (*see Yefet v Shalmoni*, 81 AD3d 637 [2011]; *Martone v Shields*, 71 AD3d 840,

840-841 [2010]; *Hennington v Ellington*, 22 AD3d 721 [2005]; *Tejada v Jonas*, 17 AD3d 448 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Ghany v Hossain*, 65 AD3d 517 [2009]). Contrary to the plaintiff's contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply in this case, since the defendant's knowledge as to the cause of the decedent's accident is no greater than that of the plaintiff (*see Zalot v Zieba*, 81 AD3d 935, 936 [2011]; *Kuravskaya v Samjo Realty Corp.*, 281 AD2d 518 [2001]; *Gayle v City of New York*, 256 AD2d 541, 542 [1998]). The plaintiff alleged that the decedent would not have fallen down the staircase if the defendant had properly latched the boiler room door, or configured it so that it did not swing open over the steps. Additionally, the plaintiff's expert opined in an affidavit that the configuration of the door and staircase violated, among other things, a provision of the Executive Law. However, the plaintiff's evidence did not raise a triable issue of fact as to whether the decedent's fall was proximately caused by those allegedly unsafe conditions (*see Noel v Starrett City, Inc.*, 89 AD3d 906 [2011]; *Ghany v Hossain*, 65 AD3d at 517; *Guiterrez v Iannacci*, 43 AD3d 868 [2007]; *Tejada v Jonas*, 17 AD3d 448 [2005]; *Curran v Esposito*, 308 AD2d 428 [2003]; *Birman v Birman*, 8 AD3d 219 [2004]; *cf. Griffin v Sadauskas*, 14 AD3d 930 [2005]). "Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (*Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]; *see Ghany v Hossain*, 65 AD3d 517 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Hennington v Ellington*, 22 AD3d at 721-722).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.