■ STANLEY LITVINOFF, Appellant, v AMRIK KAUR et al., Respondents, et al., Defendants. [958 NYS2d 606]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from

so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 13, 2011, as granted that branch of the motion of the defendant Amrik Kaur which was for summary judgment dismissing the complaint insofar as asserted against her and that branch of the motion of the defendant Patti Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated August 24, 2011, which, upon the order, is in favor of the defendants Amrik Kaur and Patti Construction Corp. and against the plaintiff dismissing the complaint insofar as asserted against them. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Amrik Kaur and Patty Construction Corp.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants Amrik Kaur and Patti Construction Corp., moving separately, established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused his decedent to fall on the sidewalk abutting Kaur's premises, which were under construction (*see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc.*, 94 AD3d 1058 [2012]; *Zalot v Zieba*, 81 AD3d 935 [2011]; *Ghany v Hossain*, 65 AD3d 517 [2009]; *Weinberg v City of New York*, 3 AD3d 489 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted those branches of the moving defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.