In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Silber, J.), dated November 10, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The injured plaintiff allegedly fell as she was exiting the defendants’ premises. At her deposition, the injured plaintiff testified that she did not remember what happened from the moment she opened the door to exit until she found herself “laying down” on the sidewalk. After depositions were conducted, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that there was no proof of any defective condition that allegedly caused the injured plaintiff to fall. The Supreme Court granted the motion.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was unable to identify the cause of her accident without engaging in speculation (see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.-Am. Legion, Inc., 94 AD3d 1058 [2012]; Rizos v Galini Seafood Rest., 89 AD3d 1004 [2011]; Thompson v Commack Multiplex Cinemas, 83 AD3d 929 [2011]; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d 1015 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs’ contention, the deposition testimony of the injured plaintiff’s mother-in-law, who allegedly was walking behind the injured plaintiff as she was exiting the premises, merely described the manner in which the injured plaintiff fell. Thus, such testimony did not raise a triable issue of fact as to any allegedly unsafe condition which may have resulted in the injured plaintiffs fall (see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.-Am. Legion, Inc., 94 AD3d at 1059; Grob v Kings Realty Assoc., 4 AD3d 394 [2004]).
Contrary to the plaintiffs’ contention, the defendants’ motion was not premature. The plaintiffs failed to demonstrate that further discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclu *973 sively within the knowledge and control of the defendants (see CPLR 3212 [f]; Tillem v Cablevision Sys. Corp., 38 AD3d 878 [2007]; Lambert v Bracco, 18 AD3d 619 [2005]).
The plaintiffs’ remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Mastro, J.E, Leventhal, Sgroi and Miller, JJ., concur.