■ LILIA KUDRINA, Appellant, v 82-04 LEFFERTS TENANTS CORP. et al., Respondents, et al., Defendant. [973 NYS2d 364]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered December 1, 2011, which granted the motion of the defendants 82-04 Lefferts Tenants Corp. and LTD Management for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she fell on the sidewalk abutting premises owned by the defendant 82-04 Lefferts Tenants Corp., and managed by the defendant LTD Management (hereinafter together the moving defendants). The plaintiff thereafter commenced this action against the moving defendants, among others. The moving defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the mo-

tion on the ground that the moving defendants did not create the alleged hazardous condition or have actual or constructive notice of it. We affirm, albeit on a different ground.

To impose liability upon the moving defendants for the plaintiff's injuries, there must be evidence showing the existence of a dangerous or defective condition, and that the moving defendants either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Winder v Executive Cleaning Servs., LLC*, 91 AD3d 865 [2012]; *Davis v Rochdale Vil., Inc.*, 63 AD3d 870 [2009]; *Starling v Suffolk County Water Auth.*, 63 AD3d 822 [2009]; *Medina v Sears, Roebuck & Co.*, 41 AD3d 798 [2007]). A plaintiff's inability to identify what had caused him or her to fall is fatal to his or her case, and a defendant moving for summary judgment dismissing the complaint can meet its initial burden as the movant simply by demonstrating that the plaintiff did not know what had caused him or her to fall (*see Dennis v Lakhani*, 102 AD3d 651 [2013]; *Zalot v Zieba*, 81 AD3d 935 [2011]). Here, the moving defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the deposition testimony of the plaintiff, which showed that the plaintiff merely speculated as to the cause of her fall (*see Hunt v Meyers*, 63 AD3d 685 [2009]; *Ludin v Crestwood Country Day School, Inc.*, 36 AD3d 866 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Litvinoff v Kaur*, 102 AD3d 928 [2013]).

Accordingly, the Supreme Court correctly granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.