In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered May 21, 2012, which, granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
According to the plaintiff, the plaintiffs decedent fell down an interior stairway at premises owned by the defendant, sustaining injuries which ultimately caused his death. The plaintiff commenced this action to recover damages for wrongful death. Thereafter, the defendant moved for summary judgment dismissing the complaint, asserting, inter alia, that the plaintiff had failed to sufficiently identify the cause of the decedent’s fall. The plaintiff opposed the motion, asserting, among other things, that the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76 [1948]) should apply to the circumstances of this case, since the decedent could not reveal the precise cause of his fall. With her opposition papers, the plaintiff submitted an expert affidavit, in which her expert identified several allegedly dangerous conditions in and around the stairway. In reply, the defendant, among other things, objected to the plaintiff’s submission of the expert affidavit, since the plaintiff failed to identify her expert until approximately two months after the note of issue was filed. In the order appealed from, the Supreme Court granted the defendant’s motion.
In support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify what caused the plaintiffs decedent to fall down the stairs (see Yefet v Shalmoni, 81 AD3d 637, 637 [2011]; Martone v Shields, 71 AD3d 840, 840-841 [2010]; Hennington v Ellington, 22 AD3d 721, 721 [2005]; Tejada v Jonas, 17 AD3d 448, 448 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y. — Am. Legion, Inc., 94 AD3d 1058, 1059 [2012]; Ghany v Hossain, 65 AD3d 517, 517 [2009]). Contrary to the plaintiffs contention, the Noseworthy doctrine does not apply to the circumstances of this case, since the defendant’s knowledge as to the cause of the decedent’s accident is no greater than that of the plaintiff (see Knudsen v *795 Mamaroneck Post No. 90, Dept. of N.Y. — Am. Legion, Inc., 94 AD3d at 1059; Zalot v Zieba, 81 AD3d 935, 936 [2011]). Contrary to the plaintiffs contention, considering all of the relevant circumstances in this case, the Supreme Court did not improvidently exercise its discretion in declining to consider her expert’s affidavit (see generally CPLR 3101 [d] [1]; Rivers v Birnbaum, 102 AD3d 26 [2012]). Even if we were to consider the defects identified in the plaintiffs expert’s affidavit, the plaintiff failed to raise a triable issue of fact as to whether the decedent’s fall was proximately caused by those allegedly unsafe conditions (see Knudsen v Mamaroneck Post No. 90, Dept, of N.Y. — Am. Legion, Inc., 94 AD3d at 1059; Noel v Starrett City, Inc., 89 AD3d 906, 907 [2011]; Ghany v Hossain, 65 AD3d at 517; Guiterrez v Iannacci, 43 AD3d 868, 868 [2007]; Tejada v Jonas, 17 AD3d at 448). “Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation” (Teplitskaya v 3096 Owners Corp., 289 AD2d 477, 478 [2001]; see Knudsen v Mamaroneck Post No. 90, Dept, of N.Y.— Am. Legion, Inc., 94 AD3d at 1059; Ghany v Hossain, 65 AD3d at 517; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d 1015, 1015 [2008]).
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Angiolillo, J.P, Dickerson, Austin and Hinds-Radix, JJ., concur.