In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated January 10, 2013, as denied those branches of its motion which were for summary judgment dismissing the third-party causes of action for common-law and contractual indemnification, granted that branch of the motion of the defendants/ third-party plaintiffs which was for conditional summary judgment on their third-party cause of action for contractual indemnification, and, in effect, granted that branch of the motion of the defendants/third-party plaintiffs which was for conditional summary judgment on their third-party cause of action for common-law indemnification.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff-respondent and the defendants/third-party plaintiffs-respondents appearing separately and filing separate briefs, those branches of the third-party defendant’s motion which were for summary judgment dismissing the third-party causes of action for common-law and contractual indemnification are granted, and those branches of the motion of the defendants/third-party plaintiffs which were for conditional summary judgment on their third-party causes of action for contractual indemnification and common-law indemnification are denied.
The third-party defendant-appellant established its prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for common-law and contractual indemnification by submitting, inter alia, a transcript of the deposition testimony of the plaintiff, which showed that the plaintiff merely speculated that the ice, snow, and water on the *930 interior staircase upon which he allegedly slipped and fell entered the house through the soffits installed by the third-party defendant-appellant (see Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d 963, 964 [2013]; Hunt v Meyers, 63 AD3d 685 [2009]; Ludin v Crestwood Country Day School, Inc., 36 AD3d 866 [2007]). In opposition to the motion, the defendants/third-party plaintiffs submitted, inter alia, the affidavit of an expert witness who opined, in pertinent part, that if the soffits were left uncovered and snow accumulated in them, wind could have blown the snow into the house and “it is possible for snow to have fallen from the soffits to the interior stairway.” Even if the soffits were defective, the expert’s conclusion linking the alleged defects to the plaintiffs fall was purely speculative and failed to raise a triable issue of fact (see Litvinoff v Kaur, 102 AD3d 928 [2013]; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc., 94 AD3d 1058 [2012]; Zalot v Zieba, 81 AD3d 935 [2011]; Ghany v Hossain, 65 AD3d 517 [2009]). Accordingly, the Supreme Court erred in denying those branches of the third-party defendant-appellant’s motion which were for summary judgment dismissing the third-party causes of action for common-law and contractual indemnification, in granting that branch of the cross motion of the defendants/third-party plaintiffs which was for conditional summary judgment on their third-party cause of action for contractual indemnification, and, in effect, granting that branch of the cross motion of the defendants/third-party plaintiffs which was for conditional summary judgment on their third-party cause of action for common-law indemnification.
In light of the foregoing, we do not reach the appellant’s remaining contentions.
Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.