PATRICK O'CONNOR et al., Respondents, v METRO MANAGEMENT DEVELOPMENT, INC., et al., Appellants. [15 NYS3d 59]—

In an action to recover damages for personal injuries, etc., the defendant Consolidated Edison Company of New York appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated November 13, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Metro Management Development, Inc., and Sunnyside Towers Owners Corp. separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiffs to the defendants appearing separately and filing separate briefs, and the respective motions of the defendant Consolidated Edison Company of New York and the defendants Metro Management Development, Inc., and Sunnyside Towers Owners Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.

The plaintiff Patrick O'Connor (hereinafter the injured plaintiff) allegedly was injured when he fell down a flight of stairs in an interior stairwell of the cooperative apartment building in which he resided. Due to a power outage, the lights in the stairwell were not on at the time of the accident. The injured plaintiff and his wife, suing derivatively, commenced this personal injury action against the owner of the building, Sunnyside Towers Owners Corp., and the building manager, Metro Management Development, Inc. (hereinafter together the building defendants), as well as the utility that supplied electricity to the building, Consolidated Edison Company of New York (hereinafter Con Edison). Con Edison moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the building defendants separately moved for summary judgment dismissing the

complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motions, and the defendants separately appeal.

In support of its motion, Con Edison made a prima facie showing that it did not owe a duty of care to the injured plaintiff, since the customer to which it had agreed to provide electricity for the common areas of the subject building was Sunnyside Towers Owners Corp., and not the injured plaintiff. The Court of Appeals has held that an electricity-supplying utility "is not answerable to the tenant of an apartment building injured in a common area as a result of [the utility's] negligent failure to provide electric service as required by its agreement with the building owner" (*Strauss v Belle Realty Co.*, 65 NY2d 399, 405 [1985]; *see Milliken & Co. v Consolidated Edison Co. of N.Y.*, 84 NY2d 469 [1994]). Contrary to the plaintiffs' contention, the injured plaintiff's status as a shareholder in the cooperative corporation that owned the building did not make him a party to the contract with Con Edison, such that Con Edison owed him a duty of care (*see Goldstein v Consolidated Edison Co. of N.Y.*, 115 AD2d 34 [1986]). The holding of *Strauss v Belle Realty Co.* is applicable in this case because the lessee of a proprietary lease in an apartment cooperative "is in much the same position as any other tenant under the usual leasing arrangement," and, furthermore, "a tenant/shareholder's ownership interest in the cooperative corporation does not give him [or her] an individual right to recover for breach of the corporation's contract" (*Goldstein v Consolidated Edison Co. of N.Y.*, 115 AD2d at 39, 40; *see New Castle Siding Co. v Wolfson*, 97 AD2d 501 [1983], *affd* 63 NY2d 782 [1984]). In opposition to Con Edison's prima facie showing, the plaintiffs failed to raise a triable issue of fact.

Thus, the Supreme Court should have granted Con Edison's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In support of their separate motion, the building defendants made a prima facie showing that the plaintiffs "cannot identify the cause of [the injured plaintiff's] fall without engaging in speculation" (*Ash v City of New York*, 109 AD3d 854, 855 [2013]; *see Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *see Ash v City of*

*New York*, 109 AD3d at 855). Here, the injured plaintiff testified at his deposition that he did not know why he fell, did not know whether he tripped or slipped, and had no memory of the fall. When he was asked if he knew why he fell, the injured plaintiff testified: "That's speculation. I don't know." In addition, the building defendants submitted the deposition testimony of two witnesses who stated that the injured plaintiff appeared to be intoxicated at the time of the accident. Thus, the building defendants demonstrated that it was just as likely that the accident was caused by some factor other than poor lighting conditions in the stairwell, such as a misstep, a loss of balance, or intoxication, and thus "any determination by the trier of fact as to causation would be based upon sheer conjecture" (*Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *see Ash v City of New York*, 109 AD3d at 855; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]; *Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]). In opposition to the building defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Hod v Orchard Fields, LLC*, 111 AD3d 794 [2013]; *Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc.*, 94 AD3d 1058 [2012]; *Miles v County of Dutchess*, 85 AD3d 878 [2011]; *Yefet v Shalmoni*, 81 AD3d 637 [2011]; *Aguilar v Anthony*, 80 AD3d 544 [2011]).

The plaintiffs' remaining contentions are without merit. The building defendants' remaining contentions need not be addressed in light of our determination.

Accordingly, the Supreme Court should have granted the building defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.