City Care Acupuncture, P.C., Jamaica Wellness Medical, P.C., LVOV Acupuncture, P.C. and United Wellness Chiropractic, P.C., as Assignees of Lindsey Winslow and Johnique Jones, Appellants,
against
Hereford Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered May 28, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by providers to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that there was no coverage for the accident which allegedly occurred on February 13, 2013. By order entered May 28, 2015, the Civil Court granted defendant's motion.
In support of its summary judgment motion, defendant submitted, among other things, the transcript of the examination under oath of the driver of the insured vehicle. Contrary to plaintiffs' contention, this transcript was properly considered by the Civil Court because, although it was not signed by the driver, it was certified (see Zalot v Zieba, 81 AD3d 935 [2011]; cf. Lifex Med. Care, P.C. v Safeco Natl. Ins. Co., 32 Misc 3d 126[A], 2011 NY Slip Op 51221[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). During his examination under oath, the driver testified that he had rented the insured vehicle, which he drove as a livery vehicle, that the assignors had been passengers in his vehicle on February 13, 2013, and that the vehicle had not been involved in an accident on that date. Also, after the passengers in his vehicle called the police and reported that an accident had taken place, the driver told the responding police officer that there had been no accident.
Moreover, contrary to plaintiffs' contention on appeal, the doctrine of collateral estoppel does not apply in the case at bar since plaintiffs failed to show that the identical coverage issue was necessarily decided in the prior actions to which plaintiffs referred, that such determinations are decisive of the present action, and that there was a full and fair opportunity to contest the issue of coverage in the prior actions (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 665-666 [1990]). Plaintiffs' remaining contentions lack merit.
In view of the foregoing, defendant established its prima facie entitlement to summary [*2]judgment dismissing the complaint by showing that "the alleged injur[ies] do[] not arise out of an insured incident" (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), and plaintiffs failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Consequently, the Civil Court properly granted defendant's motion for summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: January 05, 2017