Martinez v City of New York (2019 NY Slip Op 00107)





Martinez v City of New York


2019 NY Slip Op 00107


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-06149
 (Index No. 3888/14)

[*1]George Martinez, etc., appellant, 
v
City of New York, et al., respondents.


Schwartzapfel Lawyers, P.C. (Alexander J. Wulwick of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered May 18, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant E.C.C.O. III Enterprises, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The decedent was killed as a result of an accident that occurred on Queens Boulevard in the vicinity of the entry ramp from the Van Wyck Expressway. At the time of the accident, there was a construction project encompassing the ramp and the surrounding area. The decedent's brother, as the administrator of the decedent's estate, commenced this action against, among others, the defendant E.C.C.O. III Enterprises, Inc. (hereinafter ECCO), the general contractor for the construction project. The plaintiff also commenced a related claim against the State of New York and the New York State Department of Transportation in the Court of Claims (see Martinez v State of New York, _____ AD3d _____; decided herewith). The defendants in this action moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against ECCO. We affirm the order insofar as appealed from.
We agree with the Supreme Court that, in support of their motion, the defendants demonstrated ECCO's prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff was unable to identify the cause of the decedent's accident (see Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 874; Manzo v 372 Doughty Blvd. Corp., 147 AD3d 930, 930; McRae v Venuto, 136 AD3d 765, 766; O'Connor v Metro Mgt. Dev., Inc., 130 AD3d 698, 699; Vazquez v Flesor, 128 AD3d 808, 809; Pol v Gjonbalaj, 125 AD3d 955, 955; Mauskopf v 1528 Owners Corp., 102 AD3d 930, 931; Knudsen v Mamaroneck Post No. 90, Dept. of N. Y.-Am. Legion, Inc., 94 AD3d 1058, 1058; Califano v Maple Lanes, 91 AD3d 896, 897; Roldan v New York Univ., 81 AD3d 625). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the court's determination granting that branch of the defendants' motion [*2]which was for summary judgment dismissing the complaint insofar as asserted against ECCO.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court