Perrelli v Evangelista (2019 NY Slip Op 01807)





Perrelli v Evangelista


2019 NY Slip Op 01807


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-11334
 (Index No. 9821/14)

[*1]Anthony M. Perrelli, etc., respondent,
v
Armandoe Evangelista, et al., appellants.


Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Joshua H. Stern and John Nicolini of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered September 15, 2016. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff's decedent (hereinafter the decedent) fell on the driveway of premises owned by the defendants, from whom the decedent rented an apartment. The decedent sustained injuries in the accident which ultimately caused his death. The plaintiff, as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for wrongful death, alleging that the defendants negligently maintained the driveway. Thereafter, the defendants moved for summary judgment dismissing the complaint, asserting, inter alia, that the plaintiff had failed to sufficiently identify the cause of the decedent's fall. The plaintiff opposed the motion, asserting, among other things, that the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76) should apply to the circumstances of this case to impose a lighter burden of persuasion on the plaintiff, since the decedent was not alive to testify as to the cause of his fall. With his opposition papers, the plaintiff submitted an expert affidavit, in which the expert identified allegedly dangerous conditions affecting the driveway. The plaintiff also submitted the affidavit of the decedent's friend, who was present with the decedent the evening of the accident but did not witness the decedent's fall. The Supreme Court denied the defendants' motion. The defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff could not identify what caused the decedent to fall (see Baterna v Maimonides Med. Ctr., 139 AD3d 653, 653; O'Connor v Metro Mgt. Dev., Inc., 130 AD3d 698, 699-700; Hod v Orchard Fields, LLC, 111 AD3d 794, 794). In opposition, the plaintiff failed to raise a triable issue of fact (see Baldwin v Windcrest Riverhead, LLC, 123 AD3d 859, 861; Hod v Orchard Fields, LLC, 111 AD3d at 795; Zalot v Zieba, 81 AD3d 935, 936; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d 1015, 1015-1016; Denicola v Costello, 44 AD3d 990, 990; Teplitskaya v 3096 Owners Corp., 289 AD2d 477, 478). Contrary to [*2]the plaintiff's contention, the Noseworthy doctrine does not apply to the circumstances of this case, since the defendants' knowledge concerning the cause of the decedent's accident is no greater than that of the plaintiff (see Hod v Orchard Fields, LLC, 111 AD3d at 795; Zalot v Zieba, 81 AD3d at 936; Aguilar v Anthony, 80 AD3d 544, 545). Even accepting the defects identified in the plaintiff's expert's affidavit, the plaintiff failed to raise a triable issue of fact as to whether the decedent's fall was proximately caused by those allegedly unsafe conditions (see Baldwin v Windcrest Riverhead, LLC, 123 AD3d at 861; Hod v Orchard Fields, LLC, 111 AD3d at 795; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d at 1015-1016; Denicola v Costello, 44 AD3d at 990). " Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation'" (Hod v Orchard Fields, LLC, 111 AD3d at 795, quoting Teplitskaya v 3096 Owners Corp., 289 AD2d at 478; see Zalot v Zieba, 81 AD3d at 936). Similarly, the affidavit of the decedent's friend, who found the decedent in the driveway but did not witness the accident, merely speculates as to the cause of the accident, and therefore does not raise a triable issue of fact (see Zalot v Zieba, 81 AD3d at 936; Teplitskaya v 3096 Owners Corp., 289 AD2d at 478).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court