Atehortua v Jaramillo (2021 NY Slip Op 03569)





Atehortua v Jaramillo


2021 NY Slip Op 03569


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-13646
 (Index No. 703228/15)

[*1]Marilyn Atehortua, etc., et al., respondents,
v
Ovidio Jaramillo, et al., appellants.


Bader & Yakaitis LLP, New York, NY (Paul Yakaitis of counsel), for appellants Ovidio Jaramillo and Santa Maria Bar & Restaurant, Inc., and Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Jonathan T. Uejio of counsel), for appellant KMT Equities, LLC (one brief filed).
Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendants Ovidio Jaramillo and Santa Maria Bar & Restaurant, Inc., appeal, and the defendant KMT Equities, LLC, separately appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 30, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendants Ovidio Jaramillo and Santa Maria Bar & Restaurant, Inc., and the separate motion of the defendant KMT Equities, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them other than the cause of action alleging violation of the Dram Shop Act.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendants Ovidio Jaramillo and Santa Maria Bar & Restaurant, Inc., and the separate motion of the defendant KMT Equities, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them other than the cause of action alleging violation of the Dram Shop Act are granted.
Ben Atehortua died in the basement of the defendant Santa Maria Bar & Restaurant, Inc. (hereinafter Santa Maria), in Queens County. The decedent's body was found by the defendant Ovidio Jaramillo, the president and manager of Santa Maria. The autopsy report identified the cause of his death as "BLUNT FORCE INJURIES OF HEAD AND TORSO." The manner of death was identified as "ACCIDENT (FELL DOWN STAIRS)." The toxicology report indicated that the decedent was intoxicated. The decedent's daughter Marilyn Atehortua, as administrator of the decedent's estate, and the decedent's wife Consuelo Atehortua, suing derivatively, commenced this action against Jaramillo, Santa Maria, and KMT Equities, LLC (hereinafter KMT), the owner of the premises. KMT moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that the plaintiffs did not know what caused the incident to occur and that it would be speculative to assume that any defect in the staircase caused the decedent to fall. Jaramillo and Santa Maria separately moved for the same relief as to them on similar grounds. The plaintiffs opposed the motion, contending, inter alia, that the Noseworthy doctrine applied and that circumstantial evidence showed that the decedent fell because the staircase connecting the first floor to the basement of the restaurant/bar was in a defective condition (see [*2]Noseworthy v City of New York, 298 NY 76). In an order entered October 30, 2019, the Supreme Court granted the motions only to the extent of directing dismissal of the cause of action alleging violation of the Dram Shop Act (see General Obligations Law § 11-101). Jaramillo and Santa Maria appeal, and KMT separately appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by demonstrating that the plaintiffs could not identify what caused the decedent to fall (see Perrelli v Evangelista, 170 AD3d 905, 906; Hod v Orchard Fields, LLC, 111 AD3d 794; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc., 94 AD3d 1058). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the Noseworthy doctrine does not apply to the circumstances of this case since the defendants' knowledge as to the cause of the decedent's accident is no greater than that of the plaintiffs (see Perrelli v Evangelista, 170 AD3d at 906; Hod v Orchard Fields, LLC, 111 AD3d at 795; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc., 94 AD3d at 1059). Even accepting the alleged defects identified in the plaintiffs' expert's affidavit, the plaintiffs failed to raise a triable issue of fact as to whether the decedent's fall was proximately caused by those allegedly unsafe conditions (see Grande v Won Hee Lee, 171 AD3d 877, 879; Perrelli v Evangelista, 170 AD3d at 906; Hod v Orchard Fields, LLC, 111 AD3d at 795; Knudsen v Mamaroneck Post No. 90, Dept. of N.Y.—Am. Legion, Inc., 94 AD3d at 1059; Teplitskaya v 3096 Owners Corp., 289 AD2d 477).
Accordingly, the Supreme Court should have granted those branches of Jamarillo and Santa Maria's motion, and KMT's separate motion, which were for summary judgment dismissing the complaint insofar as asserted against each of them in their entirety.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court