Sanders v Guida

2026 NY Slip Op 03194

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Gail Sanders, etc., appellant,

v

Anthony Guida, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-04697, 2022-07461, (Index No. 66636/14)

Valerie Brathwaite Nelson, J.P.

Helen Voutsinas

Janice A. Taylor

Donna-Marie E. Golia, JJ.

Blau Leonard Law Group, LLC, Huntington, NY (Steven Bennett Blau and Shelly Leonard of counsel), for appellant.

Abrams Fensterman, LLP, Lake Success, NY (Melissa Goldberg of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 2, 2022, and (2) a judgment of the same court entered August 4, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Anthony Guida, Leonard P. Savino, Robert V. Sica, Joseph Gigante, and Guida & Savino, LLP, which was for summary judgment dismissing so much of the amended complaint insofar as asserted against them as was based on alleged acts of medical malpractice by them occurring prior to February 19, 2012. The judgment, insofar as appealed from, upon the order, is in favor of the defendants Anthony Guida, Leonard P. Savino, Robert V. Sica, Joseph Gigante, and Guida & Savino, LLP, and against the plaintiff dismissing so much of the amended complaint insofar as asserted against those defendants as was based on alleged acts of medical malpractice by them occurring prior to February 19, 2012.

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the judgment is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the defendants Anthony Guida, Leonard P. Savino, Robert V. Sica, Joseph Gigante, and Guida & Savino, LLP.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).

On August 19, 2014, the plaintiff, individually and as administrator of the estate of Kevin M. Sanders (hereinafter the decedent), commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendants Anthony Guida, Leonard P. Savino, Robert V. Sica, and Joseph Gigante (hereinafter collectively the doctor defendants), who were partners of a medical practice, Guida & Savino, LLP (hereinafter the practice), and another [*2]defendant. The plaintiff alleged, among other things, that the doctor defendants engaged in a continuous course of medical care and treatment of the decedent from July 2000 to August 2012 and failed to timely diagnose and treat the decedent's prostate cancer, resulting in his death on August 31, 2012. Carissa Romano and Rose Mary Kyriacou were formerly employed by the practice as physician assistants. On a prior appeal, this Court denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Romano as a defendant and granted Kyriacou's motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against her (see Sanders v Guida, 213 AD3d 712).

In November 2021, the doctor defendants and the practice (hereinafter collectively the practice defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them, arguing, inter alia, that it was time-barred. In an order dated June 2, 2022, the Supreme Court, among other things, granted the motion. A judgment was entered on August 4, 2022, upon the order, inter alia, dismissing the amended complaint insofar as asserted against the practice defendants. The plaintiff appeals from so much of the judgment as dismissed so much of the amended complaint insofar as asserted against the practice defendants as was based on alleged acts of medical malpractice by them occurring prior to February 19, 2012.

"A medical malpractice action must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (Weinstein v Gewirtz, 208 AD3d 717, 718 [internal quotation marks omitted]; see CPLR 214-a; Wright v Southampton Hosp., 187 AD3d 1242, 1244). "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous" (Proano v Gutman, 211 AD3d 978, 981-982 [internal quotation marks omitted]; see Hall v Bolognese, 210 AD3d 958, 962).

"A patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of continuous treatment of the condition upon which the allegations of medical malpractice are predicated" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 851 [internal quotation marks omitted]; see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296). "The critical inquiry is not whether the defendant failed to make a diagnosis or undertake a course of treatment during the period of limitation, but whether the plaintiff continued to seek treatment for the same or related conditions giving rise to his or her claim of malpractice, during that period" (Cohen v Gold, 165 AD3d 879, 882; see Gomez v Katz, 61 AD3d 108, 112).

Here, the practice defendants established, prima facie, that so much of the amended complaint as was based on alleged acts of medical malpractice by them occurring prior to February 19, 2012, was time-barred by demonstrating that the action was commenced on August 19, 2014 (see CPLR 214-a; Yanez v Watkins, 164 AD3d 547, 548). The burden then shifted to the plaintiff to raise a triable issue of fact as to the applicability of the continuous treatment doctrine (see Weinstein v Gewirtz, 208 AD3d at 718).

The plaintiff failed to raise a triable issue of fact as to the existence of a continuous course of treatment with the practice defendants for the same or related complaints giving rise to her allegations of medical malpractice. While the record reflects that the decedent continued to treat with the practice defendants after February 19, 2012, the plaintiff failed to demonstrate that these visits were part of a continuous course of treatment related to the decedent's prostate cancer (see Young v New York City Health & Hosps. Corp., 91 NY2d at 296; Rhodes v Van Valkenburg, 236 AD3d 838, 839; Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d at 851).

Contrary to the plaintiff's contention, the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76) does not apply to the circumstances of this case because the plaintiff and [*3]the practice defendants are on equal footing as to their access to knowledge of the events that caused the decedent's injuries (see Atehortua v Jaramillo, 195 AD3d 670, 672; Perrelli v Evangelista, 170 AD3d 905, 906; Hod v Orchard Fields, LLC, 111 AD3d 794, 795).

Accordingly, the Supreme Court properly granted that branch of the practice defendants' motion which was for summary judgment dismissing so much of the amended complaint insofar as asserted against them as was based on alleged acts of medical malpractice by them occurring prior to February 19, 2012.

BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court