■ CARLOS J. COLON, Plaintiff, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Defendants. (And a Third-Party Action.) (Action No. 1.) NEWTON O. BRANCH, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. CITY OF NEW YORK, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) (Action No. 2.) [825 NYS2d 754]—

In two related actions to recover damages for personal injuries, the New York City Transit Authority, the defendant third-party plaintiff in action No. 2, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Partnow, J.), entered January 10, 2005, as, upon an order of the same court dated October 27, 2004 granting that branch of the motion of the City of New York, the third-party defendant in action No. 2, which was for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it in action No. 2, is in favor of the City of New York and against it, dismissing all claims and cross claims insofar as asserted against the City of New York in action No. 2.

Ordered that the judgment is reversed insofar as appealed from, on the law and as an exercise of discretion, with costs, that branch of the motion of the City of New York which was for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it in action No. 2 is denied, without prejudice to renewal upon completion of discovery, the order dated October 27, 2004 is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The motor vehicle accident giving rise to this litigation was allegedly caused, in part, by a malfunctioning traffic light at the intersection of Grand and Humbolt Streets in Brooklyn.

As a threshold matter, we note that the appellant New York City Transit Authority (hereinafter the Transit Authority) initially appealed from an order dated October 27, 2004. However, by decision and order on motion of this Court dated September 12, 2005, that appeal was dismissed for failure to prosecute (*see* 22 NYCRR 670.8 [h]). As a general rule, this Court does not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal from an order which was dismissed for lack of prosecution (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The issue of whether the City of New York was entitled to summary judgment could have been raised on appeal from the order dated October 27, 2004. However, this Court has the authority to entertain a second appeal in the exercise of its discretion, even where a prior appeal on the same issue has been dismissed for failure to prosecute (*see Faricelli v TSS Seedman's*, 94 NY2d 772 [1999]). Inasmuch

as the City concedes on appeal that it was improperly granted summary judgment, under the circumstances of this case, we exercise our discretion to entertain the instant appeal (*see Faricelli v TSS Seedman's, supra*).

The Supreme Court erred in granting that branch of the City's motion which was for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it. In support of that branch of its motion which was for summary judgment, the City merely relied upon the proof submitted by the defendant Welsbach Electric Corp. (hereinafter Welsbach), the company that maintained the subject traffic light under a contract with the City, in support of a separate motion by Welsbach for summary judgment, demonstrating that the City never notified Welsbach of any malfunction in the traffic light. This evidence was insufficient to make a prima facie showing that the City neither received notice of a defect, nor caused or created the defect (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Furthermore, the Transit Authority established that it did not have an adequate opportunity to conduct discovery into these issues, some of which are exclusively within the knowledge of the City (*see* CPLR 3212 [f]; *Berchini v Silverite Constr. Co.*, 289 AD2d 434 [2001]; *Urcan v Cocarelli*, 234 AD2d 537 [1996]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792 [1988]). Schmidt, J.P., Santucci, Skelos and Lunn, JJ., concur.