■ Bernard Adler, Respondent, v City of New York, Appellant, 42 Lee Avenue Corp. et al., Respondents, et al., Defendants. [860 NYS2d 580]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated July 16, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants-respondents appearing separately and filing separate briefs.

On November 21, 2004 the plaintiff allegedly was injured when he tripped and fell over a defect in the sidewalk in front of 42 Lee Avenue, in Brooklyn. After serving a timely notice of claim, he commenced this action against, among others, the City of New York. Several of the codefendants asserted cross claims against the City. Prior to the completion of discovery, the City moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The parties do not dispute that the case against the City is governed by Administrative Code of the City of New York § 7-210 (c), which provides, in pertinent part, that, "[n]otwithstanding any other provision of law, the city shall not be liable for any . . . personal injury . . . proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes) in a reasonably safe condition."

As the Supreme Court properly found, the City established, prima facie, inter alia, that 42 Lee Avenue was not property used exclusively for residential purposes. Nevertheless, inas-

much as discovery in the case is in its beginning stages, and information may be within the City's exclusive knowledge as to whether it created the dangerous condition or enjoyed a special use of the sidewalk which gave rise to the dangerous condition (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]; *Biondi v County of Nassau,* 49 AD3d 580 [2008]; *Posner v New York City Tr. Auth.,* 27 AD3d 542, 543-544 [2006]), summary judgment is inappropriate at this stage of the proceedings (*see* CPLR 3212 [f]; *Colon v Manhattan & Bronx Surface Tr. Operating Auth.,* 35 AD3d 515, 517 [2006]; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792, 792-793 [1988]).

The City's remaining contention was raised for the first time in its reply papers and, thus, is not properly before this Court (*see Medugno v City of Glen Cove,* 279 AD2d 510, 511-512 [2001]; *Cumpston v Marcinkowska,* 275 AD2d 340, 341 [2000]). Fisher, J.P., Ritter, Florio and Carni, JJ., concur.