■ MARIA HARAKIDAS et al., Appellants, v CITY OF NEW YORK et al., Defendants, and BRAZAL SOUTH HOLDINGS, LLC, Respondent. [927 NYS2d 673]—

The plaintiffs alleged that on June 2, 2005, Maria Harakidas (hereinafter the injured plaintiff) was injured when she tripped and fell on a depressed and defective portion of the sidewalk abutting property of the defendant Brazal South Holdings, LLC (hereinafter Brazal). The area in question is a rectangular depression with an irregular asphalt surface approximately the size of a sidewalk flag in which a fire hydrant is situated close to one edge next to the curb. The injured plaintiff and her husband, suing derivatively, commenced an action against Brazal, and a separate action against the defendants City of New York, Department of Water and Sewer, Department of Environmental Protection (hereinafter the DEP), and Environmental Control Board (hereinafter collectively the City). The two actions were consolidated. After discovery, Brazal moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it was not liable as a matter of law because the City affirmatively created the alleged defect in the sidewalk.

In deposition transcripts submitted by Brazal in support of its motion, the injured plaintiff testified that her foot became caught in a "hole," which she described as an area of the cement near a fire hydrant lower than the rest of the sidewalk. Brazal's owner testified at her deposition that she visited the property regularly from 2003 through 2005. On a date she could not recall, she complained of the broken fire hydrant by a letter to the City, which subsequently repaired the hydrant but failed to finish the job by making the sidewalk "smooth and safe." Nick Tenaglia, a supervisor employed by the DEP, testified that the DEP was primarily responsible for investigating problems with city fire hydrants and making needed repairs. Tenaglia reviewed DEP service records which indicated that, on June 17, 2003, pursuant to a service request to fix the hydrant which was "broken at [the] base," a DEP crew made the repair and refilled the "excavation" around the hydrant with blacktop.

Subsequent to that repair, the DEP again performed maintenance on the hydrant twice in 2004 and twice in 2005; on each occasion, the DEP neither repaired nor replaced the sidewalk surrounding the hydrant. Based on this evidence, Brazal contended that the City had created the defective condition in 2003 and was solely responsible for any injuries proximately caused by the alleged tripping hazard. Although it is undisputed that the area in question had a depressed and irregular surface in 2005, Brazal submitted no evidence that the City's alleged negligent repair work in 2003 created the defects which were visible in 2005 and allegedly caused the injured plaintiff to fall.

In opposition, the plaintiffs relied upon the testimony of Brazal's owner that she regularly inspected the property to contend that Brazal had actual notice of the dangerous condition for more than two years yet failed to correct the defect, breaching its duty under section 7-210 of the Administrative Code of the City of New York (hereinafter section 7-210) to maintain the sidewalk in front of its premises in a reasonably safe condition. The City joined in the plaintiffs' arguments that Brazal had a statutory duty to maintain the sidewalk.

The Supreme Court, inter alia, granted that branch of Brazal's motion which was for summary judgment dismissing the complaint insofar as asserted against it. We reverse the order insofar as appealed from.

Section 7-210, which became effective September 14, 2003, shifted tort liability from the City to the commercial property owner for personal injuries proximately caused by the owner's failure to maintain the sidewalk abutting its premises in a reasonably safe condition (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]; Fusco v City of New York, 71 AD3d 1083, 1084 [2010]; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773 [2010]). Section 7-210 applies to the area at issue here, which is roughly the size of a sidewalk flag lying between the curbline and Brazal's property line "intended for the use of pedestrians" within the meaning of the definition of "sidewalk" (Administrative Code of City of NY § 19-101 [d]; cf. Vucetovic v Epsom Downs, Inc., 10 NY3d at 521). "[T]he language of section 7-210 mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (Vucetovic v Epsom Downs, Inc., 10 NY3d at 521 [internal quotation marks omitted]). Contrary to the reasoning of the Supreme Court, the alleged defect in the sidewalk here falls within the definition of a "substantial defect" which is the property owner's duty to repair (see Administrative Code of City of NY § 19-152 [a] [1], [9]).

However, section 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable (*see Martinez v Khaimov*, 74 AD3d 1031, 1032-1033 [2010]). Thus, in support of a motion for summary judgment dismissing a cause of action pursuant to section 7-210, the property owner has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*id.*; *see James v Blackmon*, 58 AD3d 808, 808-809 [2009]). Here, in light of the evidence that Brazal was aware of the defective condition in the sidewalk for a sufficient length of time to remedy it, Brazal failed to eliminate a triable issue of fact as to its liability under section 7-210.

Brazal contends that, notwithstanding its duty to maintain the sidewalk in a reasonably safe condition, section 7-210 did not shift tort liability where the sole proximate cause of the injury is a defect created by the City's affirmative act of negligence. Prior to the enactment of section 7-210, an abutting property owner would not be held liable for injuries proximately caused by a defective sidewalk flag surrounding a fire hydrant absent the property owner's affirmative negligence in creating the condition (*see Aylon v City of New York*, 256 AD2d 68 [1998]). Since section 7-210 is a legislative enactment in derogation of the common law which creates liability where none previously existed, it must be strictly construed (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521). Generally, a duty to maintain an area in a reasonably safe condition "is independent of [a] duty not to create a defective condition" (*Kiernan v Thompson*, 73 NY2d 840, 841 [1988]). Thus, under a strict construction of section 7-210, it expressly shifts tort liability to the abutting property owner for injuries proximately caused by the owner's failure to maintain the sidewalk in a reasonably safe condition, but it does not shift tort liability for injuries proximately caused by the City's affirmative acts of negligence.

Here, in support of its motion, Brazal failed to establish its prima facie entitlement to judgment as a matter of law eliminating triable issues of fact by submitting evidence showing that the City's affirmative act of negligence in 2003 created the alleged defective sidewalk condition which allegedly caused the injured plaintiff to fall in 2005. Although there is some evidence that the tripping hazard was created by negligent repair work in 2003, on the record presented, the evidence does not eliminate a triable issue of fact as to whether the repair work in 2003 was properly performed and other causes were responsible

for the alleged defects observed in 2005 (*cf. Fernandez v City of New York*, 19 Misc 3d 1135[A], 2008 NY Slip Op 51012[U] [2008]). Accordingly, the Supreme Court should have denied that branch of Brazal's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.