OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this personal injury action, plaintiff alleges that she tripped and fell over a gas valve cap embedded in a sidewalk and that Ellivkroy Realty, Inc. (defendant), as the abutting landowner, was responsible for the defective condition of the gas valve cap and thus liable to plaintiff for the injuries she sustained when she fell. Defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it was not responsible for the maintenance of the gas valve cap and that it did not create any alleged defect in the gas valve cap. The Civil Court denied the motion.
A property owner may only be “held liable, as an abutting landowner, to a passerby on a public sidewalk for injuries resulting from defects in that public sidewalk [if such landowner] either created the defect or caused it to occur because of some special use,” or if “a statute or ordinance impostes] liability” (Jordan v City of New York, 23 AD3d 436, 437 [2005]). Section 7-210 of the Administrative Code of the City of New York imposes such liability upon property owners, providing:
“a. It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.
“b. . . . the owner of [such property] shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags.”
Under Administrative Code § 7-210, an abutting landowner must still have sufficient notice of any defect before liability can *71 attach (see Early v Hilton Hotels Corp., 73 AD3d 559, 561 [2010]).
Defendant contends that Administrative Code § 7-210 is inapplicable to this matter, as, under Rules of City of New York Department of Transportation (34 RCNY) § 2-07, a gas valve cap is not part of the “sidewalk” for purposes of Administrative Code § 7-210 (cf. Hurley v Related Mgt. Co., 74 AD3d 648 [2010]). Thus, defendant asserts, while it is the abutting landowner, it is neither responsible for the gas valve cap’s maintenance, nor liable for any injuries sustained by a passerby as a result of any such improper maintenance.
Rules of City of New York Department of Transportation (34 RCNY) § 2-07 removes “underground street access covers, transformer vault covers and gratings” from the domain of a sidewalk for purposes of Administrative Code § 7-210 but does not specifically remove gas valve caps from the purview of section 7-210. Nor does defendant point to another regulation which would accomplish such an exclusion. Thus, under Administrative Code § 7-210, defendant, as the abutting landowner, is responsible for the maintenance of the gas valve cap and is liable for injuries sustained by a passerby resulting from any defective condition of the gas valve cap of which it had sufficient notice. As such, questions of fact remain regarding the condition of the gas valve cap, defendant’s notice thereof, and whether the gas valve cap was a proximate cause of plaintiff’s injuries. Accordingly, the order denying defendant Ellivkroy Realty, Inc.’s motion for summary judgment dismissing the complaint insofar as asserted against it is affirmed.
Pesce, PJ., Golia and Steinhardt, JJ., concur.