In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated October 12, 2011, as granted that branch of the motion of the defendant/third-party plaintiff which was for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant/third-party plaintiff’s motion which was for summary judgment dismissing the complaint is denied.
On May 20, 2009, in the City of Long Beach, Elaine Klau allegedly was injured when she tripped and fell while walking on the sidewalk in front of property owned by Belair Building, LLC (hereinafter Belair). According to the complaint, Klau’s injuries were caused by “an uneven upraised/depressed lump like’ area of concrete over what appears to be a metal box.” The metal box to which the concrete was affixed was a square gas cap owned by National Grid. The cap provided access to National *770 Grid’s gas service valve. The gas cap itself did not protrude above the level of the sidewalk. The concrete affixed to it was the same color as the surrounding sidewalk flag, and, according to evidence in the record, it extended about one inch above the level of the sidewalk and was two to three inches wide.
Klau, and her husband suing derivatively, commenced this action against Belair, asserting a cause of action based on Long Beach’s sidewalk law (see Charter of City of Long Beach § 256; see also Code of Ordinances of City of Long Beach § 1-2). Belair, in turn, commenced a third-party action against, among others, National Grid. National Grid owned the gas cap and the gas valve box beneath it, and also had contracted for work on the sidewalk several years before the incident. Belair moved, inter alia, for summary judgment dismissing the complaint, contending that it had not created the defect and had no duty under the sidewalk law to maintain the gas cap or remove the concrete clump from it. The Supreme Court granted the motion. Relying largely on precedent interpreting New York City’s sidewalk law (see Administrative Code of City of NY § 7-210; e.g. Vucetovic v Epsom, Downs, Inc., 10 NY3d 517 [2008]; Harakidas v City of New York, 86 AD3d 624 [2011]), the court held that the gas cap did not fall within the scope of the sidewalk provisions of the Charter of the City of Long Beach (hereinafter the Charter). We disagree.
The Charter imposes broad obligations on abutting landowners with respect to the condition of sidewalks, and also provides for tort liability on those landowners: “The owner ... of lands fronting or abutting on any street . . . shall make, maintain and repair the sidewalk . . . adjoining his lands and shall keep such sidewalk . . . free and clear of and from snow, ice and all other obstructions. Such owner . . . shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk . . . or to remove snow, ice or other obstructions therefrom, or for a violation or nonobservance of the ordinances relating to making, maintaining and repairing sidewalks . . . and the removal of snow, ice and other obstructions from sidewalks” (Charter § 256 [emphasis added]). The Code of Ordinances of the City of Long Beach defines “sidewalk” as “any portion of a street between the curbline and the adjacent property line, intended for the use of pedestrians, excluding parkways” (Code of Ordinances of City of Long Beach § 1-2). Here, the gas cap was located entirely within a sidewalk flag and was level with the sidewalk, and therefore apparently was intended to be traversed by pedestrians. Thus, the plaintiff contends, the concrete above the gas cap is covered by Long *771 Beach’s sidewalk law, at least to the extent that it may have been an “obstruction” on the sidewalk.
In contending otherwise, Belair relies heavily on cases construing New York City’s sidewalk law (see e.g. Vucetovic v Epsom Downs, Inc., 10 NY3d at 521-522; Harakidas v City of New York, 86 AD3d at 627), but those cases are not persuasive. First, the New York City and Long Beach laws differ significantly; the Long Beach law is broader than the New York City law in its imposition of liability on abutting landowners (compare Administrative Code of City of NY §§ 7-210, 16-123, 19-101 [d], and 19-152, with Charter § 256 and Code of Ordinances of City of Long Beach § 1-2). The New York City law requires a plaintiff to demonstrate that the landowner was negligent (see Khaimova v City of New York, 95 AD3d 1280, 1281-1282 [2012]); the Long Beach law is much broader, imposing liability even in the absence of negligence. Additionally, New York City’s Charter, Administrative Code, and Rules contain extensive provisions, not present in Long Beach’s laws, pertaining to various sidewalk appurtenances such as tree wells, sidewalk ramps, utility grates, cellar doors, and pedestrian ramps (see e.g. 34 RCNY §§ 2-07, 2-09). Those provisions are important in determining whether an alleged defect is encompassed within New York City’s sidewalk law (see Lewis v City of New York, 89 AD3d 410, 411 [2011]; Flynn v City of New York, 84 AB3d 1018, 1019 [2011]; Hurley v Related Mgt. Co., 74 AD3d 648, 649 [2010]; Ortiz v City of New York, 67 AD3d 21, 27 [2009], revd on other grounds 14 NY3d 779 [2010]; Rojas v Con Edison, 34 Misc 3d 69, 71 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Langston v Gonzalez, 39 Misc 3d 371, 377-378 [Sup Ct, Kings County 2013]; King v Alltom Props., Inc., 16 Misc 3d 1125[A], 2007 NY Slip Op 51570[U], *1 [Sup Ct, Kings County 2007]; Manning v City of New York, 16 Misc 3d 1132[A], 2007 NY Slip Op 51667[U], *2 [Sup Ct, Richmond County 2007]).
Given the Long Beach City Council’s broad purpose in enacting Charter § 256, as evidenced by the text of that provision, as well as the straightforward definition of “sidewalk” in the Code of Ordinances of the City of Long Beach § 1-2, and the location of the gas cap at issue here, we hold that the concrete affixed to the gas cap was encompassed within Long Beach’s sidewalk law to the extent that the concrete may have amounted to an “obstruction.” In other words, as the owner of the property abutting that sidewalk, Belair had a duty with respect to any obstruction presented by the “lump like” concrete on the gas cap. Accordingly, we conclude that Belair did not establish its prima facie entitlement to judgment as a matter of law insofar *772 as it contended that it had no duty with respect to that concrete. Therefore, that branch of its motion which was for summary judgment dismissing the complaint should have been denied (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur. [Prior Case History: 2011 NY Slip Op 33029(U).]