(November 19, 2014)

■ DAVID AVEZBAKIYEV, Appellant, v CHAMPION COMMONS, LLC, et al., Respondents. [997 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Markey, J.), entered November 29, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 6, 2008, at 7:00 p.m., the plaintiff allegedly was injured when he tripped over a tree stump in a tree well in an area of a sidewalk on 64th Road in Queens. In his complaint, the plaintiff alleged that the defendants owned a parcel of land abutting the sidewalk on 64th Road, and therefore were responsible for the allegedly dangerous condition. In the order appealed from, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the grounds that the City of New York was responsible for maintaining the tree well, and that the defendants did not cause or create the alleged condition on the public sidewalk or maintain a special use of the area.

"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (*James v Blackmon*, 58 AD3d 808, 808 [2009]; *see Crawford v City of New York*, 98 AD3d 935, 936 [2012]; *Smirnova v City of New York*, 64 AD3d 641, 641 [2009]). "Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner; however, a tree well is not part of the 'sidewalk' for purposes of that section of Administrative Code of the City of New York" (*Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520-521 [2008]; *Vigil v City of New York*, 110 AD3d 986, 987 [2013]). Accordingly, the defendants were not responsible for maintenance of the tree well.

To the extent that a construction fence that narrowed the sidewalk may be considered a dangerous condition, the defendants established, prima facie, that they did not build or maintain the construction fence, and that the construction fence did not constitute a special use benefitting the defendants. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that defendants' motion for summary judgment dismissing the complaint.

Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.
**[Prior Case History: 38 Misc 3d 1202.]**