■ Shimshon Fisher, Plaintiff, v City of New York, Respondent, and Johanna Castronovo et al., Appellants. (And a Third-Party Action.) [9 NYS3d 371]—

In an action to recover damages for personal injuries, the defendants Johanna Castronovo and Joseph Castronovo appeal from an order of the Supreme Court, Kings County (Ash, J.), dated June 21, 2013, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, with costs, and that branch of the motion of the defendant City of New York which was for summary judgment dismissing all cross claims insofar as asserted against it is denied, with leave to renew upon the completion of discovery.

On January 16, 2011, the plaintiff allegedly was injured when he tripped and fell over a defect in the sidewalk in front of premises located at 4123 Fort Hamilton Parkway (hereinafter the premises), in Brooklyn. After serving a timely notice of claim, he commenced this action against Johanna Castronovo and Joseph Castronovo (hereinafter together the Castronovos), the owners of the premises, and the City of New York. The Castronovos asserted cross claims against the City. Prior to the completion of discovery, the City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Supreme Court granted the motion.

The case against the City is governed by Administrative Code of the City of New York § 7-210, which "shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). Administrative Code § 7-210 (c) provides, in pertinent part, that, "[n]otwithstanding any other provision of law, the city shall not be liable for any . . . personal injury . . . proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes) in a reasonably safe condition."

Here, the City established, prima facie, among other things, that the premises were not property used exclusively for residential purposes (*see* Administrative Code of City of NY § 7-210 [c]). Nevertheless, inasmuch as discovery in the case is in its beginning stages and information may be within the City's exclusive knowledge as to whether it created the dangerous condition (*see Adler v City of New York*, 52 AD3d 549 [2008]), summary judgment dismissing the Castronovos' cross claims against the City is inappropriate at this stage of the proceedings (*see* CPLR 3212 [f]; *Colon v Manhattan & Bronx Surface Tr. Operating Auth.*, 35 AD3d 515, 517 [2006]). Accordingly, the Supreme Court erred in granting that branch of the City's motion which was for summary judgment dismissing all cross claims insofar as asserted against it. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.