POLINA ZORIN, Respondent, v CITY OF NEW YORK, et al., Respondents-Appellants, B. F. ASSOCIATES, LLC, et al., Respondents, and STORAGE DELUXE ENTERPRISES, LLC, Appellant-Respondent. (And a Third-Party Action.) [28 NYS3d 116]—

In an action to recover damages for personal injuries, the defendant Storage Deluxe Enterprises, LLC, appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated February 6, 2014, as denied its motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the defendants City of New York and Delta General Contracting & Management Corp. separately cross-appeal, as limited by their respective briefs, from so much of the same order as denied their respective cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, the motion of the defendant Storage Deluxe Enterprises, LLC, inter alia, for summary judgment dismissing the complaint insofar as asserted against it is granted, and the respective cross motions of the defendants City of New York and Delta General Contracting & Management Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.

The plaintiff allegedly was injured when she tripped and fell on a sidewalk abutting 38-01 47th Avenue in Queens. She commenced the instant action to recover damages for her injuries against, among others, the defendant Storage Deluxe Enterprises, LLC (hereinafter SDE), which leased and occupied the premises, the defendant City of New York, and the defendant Delta General Contracting & Management Corp. (hereinafter Delta), a contractor that performed work on a portion of the sidewalk. After the plaintiff testified at a hearing held pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing) that her fall was caused by a hole in the sidewalk, the parties engaged in discovery during which numerous depositions were taken. Thereafter, as pertinent to this appeal and cross appeal, SDE moved, inter alia, for summary judgment

dismissing the complaint insofar as asserted against it, and the City and Delta separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied the motion and the cross motions. SDE appeals, and the City and Delta separately cross-appeal.

Contrary to the contentions of SDE, the City, and Delta, the plaintiff's deposition testimony did not demonstrate that she was unable to identify the cause of the accident, or that she engaged in mere speculation as to the cause of the accident (*see generally Viviano v KeyCorp*, 128 AD3d 811, 812 [2015]; *cf. Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]). Rather, she specifically testified that she tripped where there was a hole in the sidewalk, and identified the hole by reference to a photograph that she described as a "fair and accurate" depiction of the area at the time of the accident (*cf. O'Connor v Metro Mgt. Dev., Inc.*, 130 AD3d 698, 700 [2015]).

However, SDE was entitled to summary judgment dismissing the complaint insofar as asserted against it because, as a tenant, rather than the owner, of the premises, it owed no duty to the plaintiff to maintain the sidewalk. Although SDE did not raise this argument before the Supreme Court, this is a purely legal argument that appears on the face of the record and could not have been avoided had it been brought to the attention of the Supreme Court (*see 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc.*, 121 AD3d 651, 652 [2014]; *see also* Administrative Code of City of NY § 7-210). Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property. Here, there is no dispute that SDE was a tenant, not the owner of the premises. Further, SDE established, prima facie, that it did not create the condition or make special use of the sidewalk (*see Collado v Cruz*, 81 AD3d 542 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted SDE's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it (*see id.*; *Berkowitz v Dayton Constr.*, 2 AD3d 764, 765 [2003]).

The Supreme Court erred in denying Delta's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. While a contractor may be liable for an affirmative act of negligence that results in the creation of a dangerous condition upon a public street or sidewalk (*see Huerta v 2147 Second Ave., LLC*, 129 AD3d 668, 669 [2015]; *Santelises v Town of Huntington*, 124 AD3d 863,

865 [2015]; *Lewis v City of New York*, 82 AD3d 1054 [2011]), Delta established, prima facie, that it did not cause or create the subject hole in the sidewalk. Approximately three years prior to the accident, Delta performed work on the portion of sidewalk where the plaintiff fell. However, Delta demonstrated that, when it completed the work, there was no sign of a hole in the sidewalk, and that it did not otherwise cause or create the condition. Notably, Delta received no complaints, or further requests, after its work was completed three years prior to the accident. The plaintiff's arguments in opposition to Delta's prima facie showing were speculative and insufficient to raise a triable issue of fact (*see Devlin v Selimaj*, 116 AD3d 730 [2014]; *Ciavarelli v Town of Islip*, 67 AD3d 623 [2009]; *cf. Smith v City of Mount Vernon*, 101 AD3d 847, 848-849 [2012]). Accordingly, the Supreme Court should have granted Delta's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court also erred in denying the City's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes (*see Fisher v City of New York*, 128 AD3d 763, 764 [2015]; *Bisono v Quinn*, 125 AD3d 704 [2015]; *Avezbakiyev v Champion Commons, LLC*, 122 AD3d 781, 782 [2014]; *Medina v City of New York*, 120 AD3d 1398, 1399 [2014]). The City established, prima facie, that it did not own the premises, which was leased and occupied by SDE for the purpose of operating a self-storage facility. Thus, the premises was not a one-, two-, or three-family residence, was not owner occupied, and was not used exclusively for residential purposes. While Administrative Code § 7-210 does not shift tort liability for injuries proximately caused by the City's affirmative acts of negligence (*see Harakidas v City of New York*, 86 AD3d 624, 627 [2011]), the City established, prima facie, that it did not affirmatively cause or create the hole in the sidewalk, and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted the City's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.