The People of the State of New York, Respondent,
against
Shaday Sabino, Appellant.



Appeal from four judgments of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered November 29, 2010. Each of the judgments convicted defendant, upon his pleas of guilty, of disorderly conduct.




ORDERED that the judgments of conviction are reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instruments are dismissed.
Defendant waived prosecution by informations and pleaded guilty to four charges of disorderly conduct in connection with (1) an incident at 4809 5th Avenue in Brooklyn on March 21, 2009 (Criminal Court docket No. 2009KN02641), (2) an incident at a public pool in Brooklyn on July 8, 2009 (Criminal Court docket No. 2009CK001928), (3) an incident on a stairwell leading to a roof landing of a Brooklyn apartment building on May 24, 2010 (Criminal Court docket No. 2010CK001564), and (4) an incident at 5720 4th Avenue in Brooklyn, on June 13, 2010 (Criminal Court docket No. 2010CK001782). All of the pleas were entered into during the course of a single plea allocution.
Defendant claims that the factual parts of the accusatory instruments under Criminal Court docket Nos. 2009CK001928 and 2010CK001564, which are misdemeanor complaints, failed to "contain a statement alleging facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]), and failed to "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [4] [b]). The People contend that, by pleading guilty, defendant partially forfeited his claim that the accusatory instrument under Criminal Court docket No. 2009CK001928 was facially defective, and completely forfeited his claim that the accusatory instrument under Criminal Court docket No. 2010CK001564 was facially defective. Contrary to the People's contention, the alleged defects with respect to the two accusatory instruments are jurisdictional and may be raised at any time, including on appeal, whether or not defendant moved to dismiss the accusatory instruments in the Criminal Court, and/or pleaded guilty (see People v Hightower, 18 NY3d 249, 254 [2011]; People v Dreyden, 15 NY3d 100, 102-103 [2010]; People v Case, 42 NY2d 98, 99 [1977]; People v Vasquez, 39 Misc 3d 126[A], 2013 NY Slip Op 50407[U] [App Term, 2d Dept, 2d, 11th, and 13th Jud Dists 2013]; People v Delvecchio, 34 Misc 3d 142[A], 2012 NY Slip Op 50091[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
The accusatory instrument complaint under Criminal Court docket No. 2009CK001928 [*2]charged defendant with obstructing governmental administration in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30), disorderly conduct (Penal Law § 240.20 [2]), and harassment in the second degree (Penal Law § 240.26 [1]). The allegations contained in the factual part of that accusatory instrument were sufficient to support the disorderly conduct charge (see People v Weaver, 16 NY3d 123, 128 [2011]; People v Bakolas, 59 NY2d 51, 53 [1983]; People v Munafo, 50 NY2d 326, 331 [1980]; People v Martino, 37 Misc 3d 142[A], 2012 NY Slip Op 52279[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), as well as the other offenses charged in that accusatory instrument (see People v Dumay, 23 NY3d 518, 524-525 [2014]; People v Jensen, 86 NY2d 248, 253 [1995]; People v Shehabeldin, 39 Misc 3d 149[A], 2013 NY Slip Op 50942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; cf. People v Washington, 50 Misc 3d 89, 92-93 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
The accusatory instrument under Criminal Court docket No. 2010CK001564 charged defendant with trespass (Penal Law § 140.05) and criminal trespass in the second degree (Penal Law § 140.15 [1]). The allegations contained in the factual part of that accusatory instrument were sufficient to support these charges (see People v Maisonet, 304 AD2d 674, 675 [2003]; People v Monge, 248 AD2d 558, 559 [1998]; People v Flores, 21 Misc 3d 141[A], 2008 NY Slip Op 52371[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Defendant claims that the record fails to affirmatively demonstrate his understanding, or waiver, of his constitutional rights. Defendant's claim is reviewable on direct appeal, despite the fact that he did not preserve it by moving to withdraw his pleas pursuant to CPL 220.60 (3) or to vacate the judgments of conviction pursuant to CPL 440.10, as his pleas and sentences took place at the same proceeding (see People v Tyrell, 22 NY3d 359, 364 [2013]). As there was no discussion during the plea allocution of any of the pertinent constitutional rights (see Boykin v Alabama, 295 US 238 [1969]), none of the rights were addressed by the Criminal Court, defense counsel, or defendant, and there is no indication that defendant spoke with his attorney regarding the constitutional consequences of taking the pleas, or that, under the circumstances, defendant understood those rights, the judgments of conviction must be reversed (see People v Conceicao, 26 NY3d 375 [2015]; People v Tyrell, 22 NY3d at 363-366) and the pleas vacated.
As defendant has served his sentences, as a matter of discretion in the interest of justice, we do not remit the matter to the Criminal Court for further proceedings. Instead, we dismiss the accusatory instruments at issue (see People v Flynn, 79 NY2d 879, 882 [1992]; People v Kvalheim, 17 NY2d 510 [1966]; People v Smith, 34 Misc 3d 71 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed.
The decision and order of this court in this matter dated February 7, 2014 (42 Misc 3d 141[A], 2014 NY Slip Op 50214[U]) are hereby recalled and vacated (see motion decided simultaneously herewith).
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: April 25, 2016