Kolotova v Beach Haven Apts. Assoc., LLC (2019 NY Slip Op 03326)





Kolotova v Beach Haven Apts. Assoc., LLC


2019 NY Slip Op 03326


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00538
 (Index No. 500264/12)

[*1]Natalia Kolotova, appellant, 
v
Beach Haven Apartments Associates, LLC, defendant, City of New York, respondent.


Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Irene Gabo of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon, Qian Julie Wang, and Anna Wolonciej of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated November 18, 2016. The order granted the motion of the defendant the City of New York for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on an uneven section of a sidewalk abutting an apartment building located in Brooklyn. She commenced the instant action to recover damages for her injuries against, among others, the defendant City of New York. The City moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes (see Zorin v City of New York, 137 AD3d 1116, 1118; Fisher v City of New York, 128 AD3d 763, 764; Bisono v Quinn, 125 AD3d 704; Avezbakiyev v Champion Commons, LLC, 122 AD3d 781, 782; Medina v City of New York, 120 AD3d 1398, 1399). The City established, prima facie, that the apartment building was not a one-, two-, or three-family residence. While Administrative Code § 7-210 does not shift tort liability for injuries proximately caused by the City's affirmative acts of negligence (see Harakidas v City of New York, 86 AD3d 624, 627), the City established, prima facie, that it did not affirmatively cause or create the allegedly defective condition, and the plaintiff failed to raise a triable issue of fact in opposition. Accordingly, we agree with the Supreme Court's determination granting the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court