Gomez v New York City (2019 NY Slip Op 06754)





Gomez v New York City


2019 NY Slip Op 06754


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05828
 (Index No. 707217/14)

[*1]Luz Myriam Gomez, plaintiff, 
v
New York City, respondent, Jakalyse Inc., etc., et al., appellants.


Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for appellant Jakalyse, Inc.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for appellant Amor Beauty Supply.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Eva L. Jerome of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Jakalyse, Inc., appeals, and the defendant Amor Beauty Supply separately appeals, from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 27, 2018. The order granted the motion of the defendant New York City for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeals from so much of the order as granted that branch of the motion of the defendant New York City which was for summary judgment dismissing the complaint insofar as asserted against it are dismissed, as the defendants Jakalyse, Inc., and Amor Beauty Supply are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed, with one bill of costs.
The plaintiff allegedly was injured when she tripped and fell on a defect in the sidewalk in front of 39-05 103rd Street in Queens. The plaintiff commenced this action against the following: the defendant Jakalyse, Inc. (hereinafter Jakalyse), the alleged owner of the building located at 39-05 103rd Street; the defendant Amor Beauty Supply (hereinafter Amor), the alleged owner of the business operating on the ground floor of Jakalyse's building; and the defendant City of New York, sued herein as New York City. The City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, on the ground that it was shielded from liability by Administrative Code of the City of New York § 7-210. The Supreme Court granted the City's motion. Jakalyse and Amor separately appeal. We affirm insofar as reviewed.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes" (Zorin v City of New York, 137 AD3d 1116, 1118; see Fisher v City of New York, 128 AD3d 763, 764). However, "Administrative Code § 7-210 does not shift tort liability for injuries proximately caused by the [*2]City's affirmative acts of negligence" (Zorin v City of New York, 137 AD3d at 1118; see Harakidas v City of New York, 86 AD3d 624, 627). Here, the City met its prima facie burden for summary judgment dismissing Jakalyse and Amor's cross claims insofar as asserted against it by establishing that the premises did not fall within the exception for one-, two-, or three-family owner occupied residential properties, and that it did not affirmatively cause or create the alleged defect in the sidewalk (see Kolotova v Beach Haven Apts. Assoc., LLC, 172 AD3d 695, 696; Zorin v City of New York, 137 AD3d at 1118).
In opposition, Jakalyse and Amor failed to raise a triable issue of fact as to whether the subject defect was created by the City through an affirmative act of negligence (see Zuckerman v City of New York, 49 NY2d 557, 562). Jakalyse and Amor contend that photographs of the location of the plaintiff's accident demonstrate that the alleged defect was created when a City-owned parking meter was removed from the sidewalk. However, upon careful examination of the photographs, it is readily apparent that the subject parking meter was located in a different portion of the sidewalk, away from the depression that the plaintiff identified as the defect that caused her to fall. Moreover, at the plaintiff's hearing pursuant to General Municipal Law § 50-h, she did not describe the defect as a hole that would have supported a parking meter post and, other than the photographs, Jakalyse and Amor submitted no other evidence in support of their speculative theory that the defect was caused by the removal of a parking meter. Further, contrary to Jakalyse and Amor's contentions, the City's motion was not premature (see CPLR 3212[f]).
Accordingly, we agree with the Supreme Court's determination granting those branches of the City's motion which were for summary judgment dismissing Jakalyse and Amor's cross claims insofar as asserted against it.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court