Dragonetti v 301 Mar. Ave. Corp. (2020 NY Slip Op 01144)





Dragonetti v 301 Mar. Ave. Corp.


2020 NY Slip Op 01144


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-07753
 (Index No. 514414/15)

[*1]Aimee Dragonetti, plaintiff, 
v
301 Marine Avenue Corp., et al., defendants, City of New York, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Janet L. Zaleon of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York, New York City Department of Transportation, and New York City Department of Parks and Recreation appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 20, 2018. The order denied the motion of the defendants City of New York, New York City Department of Transportation, and New York City Department of Parks and Recreation for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the motion of the defendants City of New York, New York City Department of Transportation, and New York City Department of Parks and Recreation for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
On March 19, 2015, at approximately 3:00 p.m., the plaintiff allegedly tripped and fell on an uneven condition in a sidewalk abutting a building in Kings County that had both residential and commercial units. The plaintiff subsequently commenced this action against the defendants City of New York, New York City Department of Transportation, and New York City Department of Parks and Recreation (hereinafter collectively the defendants) and others. The Supreme Court denied the defendants' unopposed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, finding that triable issues of fact existed as to who was responsible for the maintenance of a tree in the vicinity of the accident site. The defendants appeal.
"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner, except for sidewalks abutting one-, two-, or three-family residential properties that are owner occupied and used exclusively for residential purposes" (Zorin v City of New York, 137 AD3d 1116, 1118). Administrative Code § 7-210, however, "does not shift tort liability for injuries proximately caused by the City's affirmative acts of negligence" (Zorin v City of New York, 137 AD3d at 1118; see Harakidas v City of New York, 86 AD3d 624, 627). Here, the defendants established, prima facie, that the abutting building at issue was not a one-, two-, or three-family residence, and that they did not affirmatively cause or create the alleged defect in the sidewalk (see Gomez v New York City, 175 AD3d 1502; Kolotova v Beach Haven Apts. Assoc., LLC, 172 [*2]AD3d 695, 696; Zorin v City of New York, 137 AD3d at 1118). Moreover, even assuming that the defendants were responsible for the maintenance of the tree and that the tree's roots caused the alleged sidewalk defect, the defendants' alleged failure to maintain the roots would, at most, constitute nonfeasance, not affirmative negligence (see Lipari v Town of Oyster Bay, 116 AD3d 927, 928-929; Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726; Michela v County of Nassau, 176 AD2d 707).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
DILLON, J.P., AUSTIN, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court