Rivera v City of New York (2021 NY Slip Op 08269)





Rivera v City of New York


2021 NY Slip Op 08269


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-08618
 (Index No. 509711/15)

[*1]Enrique Rivera, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, Sutter 1123, LLC, appellant.


Gold, Benes, LLP, Bellmore, NY (Jeffrey B. Gold, Karen C. Higgins, and James Stewart of counsel), for appellant.
Law Office of Evans D. Prieston, P.C., Long Island City, NY (Wingate, Russotti, Shapiro & Haperin, LLP [Michael J. Fitzpatrick], of counsel), for plaintiff-respondent.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for defendants-respondents City of New York and New York City Department of Transportation.
Gorton & Gorton, LLP, Garden City, NY (John T. Gorton of counsel), for defendant-respondent J. Pizzirusso Landscaping Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Sutter 1123, LLC, appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 11, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it and on its cross claims against the codefendants.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On February 13, 2015, the plaintiff allegedly was injured after tripping and falling on a cracked and uneven sidewalk located in front of 1123 Sutter Avenue in Brooklyn. The plaintiff subsequently commenced this personal injury action against the City of New York and the New York City Department of Transportation (hereinafter together the City defendants), as well as the adjacent property owner, Sutter 1123, LLC (hereinafter Sutter), and the defendant J. Pizzirusso Landscaping Corp. (hereinafter JPL). In its answer, Sutter asserted cross claims against the City defendants and JPL, alleging that they were solely responsible for creating the dangerous condition alleged in the complaint.
After joinder of issue, Sutter moved for summary judgment dismissing the complaint insofar as asserted against it and on its cross claims against the City defendants and JPL. The plaintiff, the City defendants, and JPL opposed the motion. By order dated July 11, 2019, the Supreme Court denied Sutter's motion. Sutter appeals.
Contrary to Sutter's contention, the Supreme Court properly found that Sutter failed to establish its prima facie entitlement to judgment as a matter of law. "Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Scuteri v 7318 13th Ave. Corp., 150 AD3d 1172, 1173; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Kolotova v Beach Haven Apts. Assoc., LLC, 172 AD3d 695, 695). However, Section 7-210 "does not shift tort liability for injuries proximately caused by the City's affirmative acts of negligence" (Harakidas v City of New York, 86 AD3d 624, 627; see Kolotova v Beach Haven Apartments, LLC, 172 AD3d at 696). Similarly, "a contractor may be liable for an affirmative act of negligence that results in the creation of a dangerous condition upon a public street or sidewalk" (Zorin v City of New York, 137 AD3d 1116, 1117; see Huerta v 2147 Second Ave., LLC, 129 AD3d 668, 669).
Here, the record shows that, several weeks before the accident, the City retained JPL to dig a tree pit in the sidewalk adjacent to Sutter's property. However, the evidence submitted by Sutter in support of its motion presents triable issues of fact as to whether the sidewalk was already chipped and/or cracked before JPL commenced its work. Thus, Sutter failed to demonstrate, prima facie, that the alleged dangerous condition that caused the plaintiff to fall was created solely by JPL's affirmative negligence. Accordingly, Sutter's motion for summary judgment was properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court